

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ERIK RAOUL GREENE,             )
                                       )
        Petitioner,             )
                                       )    No.  05 C 5583
     v.                          )
                                       )    Judge John W. Darrah
NEDRA CHANDLER,[1] Warden,      )
                                       )
        Respondent.        )

## MEMORANDUM OPINION AND ORDER

Petitioner, Erik Raoul Greene, seeks a writ of *habeas corpus* against the Dixon Correctional Center Warden, Nedra Chandler, pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondent's Limited Answer, which seeks dismissal of the petition as time-barred.

On June 14, 2000, Petitioner pled guilty in the Circuit Court of Cook County, Illinois, to charges of armed robbery and first-degree murder. Pursuant to the plea agreement, Petitioner was sentenced that same day to concurrent prison terms of 30 and 35 years, respectively. Petitioner did not seek to vacate his guilty plea or file an appeal.

On October 13, 2001, Petitioner filed his first post-conviction petition. On January 11, 2002, the Circuit Court denied the post-conviction petition. On appeal, the Illinois Appellate Court affirmed; and on March 24, 2004, the Illinois Supreme Court denied Petitioner's Petition for Leave to Appeal.

---

[1]Nedra Chandler is presently the Warden of Dixon Correctional Center and is substituted for respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

On May 5, 2004, Petitioner filed his second post-conviction petition. On May 17, 2004, the Circuit Court denied the second post-conviction petition. Petitioner appealed the denial of his second post-conviction petition but dismissed that appeal on June 7, 2005.

On September 27, 2005, Petitioner filed the instant petition. On March 20, 2006, the Court ordered Respondent to limit its response to whether the petition was timely filed. Both Respondent and Petitioner filed a Limited Response.

The Antiterrorism and Effective Death Penalty Act of 1996 provides, in pertinent part, that:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on July 14, 2000. *See* Ill. Sup. Ct. R. 606(d). Without any tolling, Petitioner had one year from this date to file a petition for *habeas corpus* in federal court.

On October 13, 2001, Petitioner filed his first state post-conviction petition. The filing of the state post-conviction petition tolls any further running of the statute of limitations. However, at that time, the one-year statute of limitations for the instant petition had already run because Petitioner had until July 14, 2001, to file a petition for *habeas corpus* in federal court. Furthermore, any tolling of the statute of limitations based on Petitioner's second post-conviction petition and the appeal of the denial of the post-conviction petition in state court does not render the instant petition timely

2

because the statute of limitations had already run. Petitioner argues that because he timely filed his state post-conviction petitions and time is tolled during their pendency, his present *habeas* petition should be deemed timely. However, the state's post-conviction petition limitation period is not applicable in determining the limitation period for filing the instant federal court *habeas* petition. Accordingly, Petitioner's present petition is untimely.

For the reasons stated above, Petitioner's Petition for *habeas corpus* is dismissed with prejudice as untimely.

Dated: June 20, 2006

JOHN W. DARRAH
United States District Court Judge